


Thomas V. Ayala
**Direct Dial**: 215-569-4596
**Email**: tayala@klehr.com

May 9, 2022

**VIA CM/ECF**
Honorable Paul S. Diamond
United States District Court for the
Eastern District of Pennsylvania
14614 U.S. Courthouse
601 Market Street, Courtroom 14-A
Philadelphia, PA 19106

**Re: Driver Opportunity Partners I, LP v. Republic First Bancorp, Inc., 2:22-cv-01694-PD (E.D. Pa.)**

Dear Judge Diamond,

This Firm represents Plaintiff Driver Opportunity Partners I, LP ("Plaintiff" or "Driver") in the above-captioned case. On May 6, 2022, this Court issued an order informing the parties that it "expect[ed] to receive by Monday, May 9, 2022 at 12:00 p.m. a response on behalf of Republic First Bancorp" to Driver's pending Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). Order [Doc. 13] (May 6, 2022) ("Response Order"). Counsel for Defendant Republic First Bancorp, Inc. ("Republic First") thereafter informed the Court via email that they had "reviewed" the order and were "prepared to comply on Monday," *see* May 6, 2022 Email from S. Scrivani to C. Steward, attached hereto as Exhibit 1,





and entered their appearance in this action on behalf of Republic First, *see* Docs. 15 & 16.

As of the filing of this letter, no response has been submitted, let alone a response "on behalf of" Republic First. Accordingly, Republic First has not complied with this Court's Response Order and Driver respectfully requests that this Court rule on its pending Motion.

Nevertheless, even if a response had been filed by one or more of Republic First's directors before today's 12:00 p.m. deadline, that response would not have been "on behalf of" Republic Bank. As explained in our May 6, 2022 letter to Your Honor (Doc. No. 14), under Pennsylvania law, absent a directive in the corporate bylaws to the contrary, 15 Pa. C.S. § 1721, only the full Board may authorize a submission "on behalf of" Republic First in this action. Pennsylvania corporations may "sue and be sued, complain and defend and participate as a party or otherwise in any judicial, administrative, arbitrative or other proceeding in [their] corporate name" only. 15 Pa. C.S. § 1502(a)(2); *see also Swart v. Pawar*, No. 14-10, 2015 WL 7430795, at *12 (N.D. W. Va. Nov. 19, 2015) (discussing 15 Pa. C.S. § 1502(a)(2) and explaining "the power to file a lawsuit in [the corporation's] name is





squarely within its Board's discretion unless specifically delegated to an individual officer under the Bylaws"). Accordingly, under Pennsylvania law, the power to submit a response to Driver's Motion on behalf of Republic First lies squarely with its board of directors (the "Board")—which may act only through a majority[1]—unless Republic First's Bylaws provide otherwise. *See Swart*, 2015 WL 7430795, at *14.

Republic First's Bylaws do not permit individual or groups of directors to submit responses "on behalf of" Republic First. To the contrary, the Bylaws make clear that "the business and affairs of the Corporation shall be managed under the direction of the Board," and that "[a]ll powers of the Corporation may be exercised by or under authority of the Board," "except as conferred on or reserved to the shareholders by law, by the Corporation's Articles of Incorporation or by these By-Laws."[2] The Bylaws further provide that "the act of a majority of the directors

---

1 *See* 15 Pa. C.S. § 1727(a) ("Unless otherwise provided in the bylaws, a majority of the directors in office of a business corporation shall be necessary to constitute a quorum for the transaction of business, and the acts of a majority of the directors present and voting at a meeting at which a quorum is present shall be the acts of the board of directors.").

2 *See* Compl. Ex. 1 [Doc. 1-3], Art. II, sec. 1 ("Bylaws").





present at any meeting at which a quorum is present[3] shall be the act of the Board."[4] And, in the absence of any meeting, any "action required or permitted to be taken at any meeting of the Board" may be taken still "without a meeting," but only "if *all members of the Board* . . . consent thereto in writing."[5]

As a result, any response that would have been submitted by an individual or a subset of Republic First's Board—including Vernon Hill, Theodore Flocco, Barry Spevak, and Brian Tierney—would, under the circumstances of the deadlocked board – not have been authorized by the Board and therefore would not have been made on behalf of Republic First.

In addition, Plaintiff submits that the corporation is the appropriate defendant in this action. Plaintiff's action is a direct action to enforce Plaintiff's rights as a shareholder. *See Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 646 (7th Cir. 2006) ("[A] shareholder may bring a direct action . . . to vindicate rights that belong to

---

3 The Bylaws define a quorum as "[a] majority of the members or the entire Board," and "[i]n the absence of a quorum," "a majority of the directors present may adjourn the meeting to another time and place until a quorum shall be present." *See* Bylaws, Art. II, sec. 15.

4 Bylaws, Art. II, sec. 15.

5 Bylaws, Art. II, sec. 18.





shareholders. For instance, a shareholder can generally bring an action to enforce voting rights . . . or compel shareholder meetings.").

Shareholder suits to compel annual meetings are appropriately filed as direct actions against the corporate entity. *See, e.g.*, *Williams v. Calypso Wireless, Inc.*, 2012 WL 424880, at *3 & n.2 (Del. Ch. Feb. 8, 2012) (citing cases); *Esopus Creek Value LP v. Hauf*, 913 A.2d 593, 606 (Del. Ch. 2006) (ordering Delaware corporation to hold annual meeting); *Newcastle P'rs, L.P. v. Vesta Ins. Gp., Inc.*, 887 A.2d 975, 981 (Del. Ch. 2005) (same); *Walsh v. Search Exploration, Inc.*, 1990 WL 126664, at *4 (Del. Ch. Aug. 31, 1990) (same); *Meredith v. Security Am. Corp.*, 1981 WL 7634, at *2 (Del. Ch. Nov. 18, 1981) (same and holding lack of financial information needed to solicit proxies under SEC regulations is no defense to action to compel stockholder meeting).

Pennsylvania's corporate law is no different. *Cf. Strassburger v. Phila. Record Co.*, 6 A.2d 922 (Pa. 1939) (lawsuit against corporation seeking to enjoin holding of annual meeting of shareholders); *Deal v. Erie Coal & Coke Co.*, 92 A. 701 (Pa. 1914) (affirming injunction against corporation and certain of its officers and directors to enjoin holding of annual meeting). Indeed, Pennsylvania courts





have dismissed such suits brought against individual corporate officers where those officers lacked authority to call an annual meeting. *See, e.g.*, *Streuber v. St. Mary's Pipe Co.*, 33 Pa. C.C. 46, 49, 1906 WL 2886 (Pa. Ct. Com. Pl. Elk Ctny. 1906) (holding writ of mandamus filed against president and secretary of corporation to compel annual shareholder meeting could not lie because those officers had no authority to call a meeting of the shareholders "without direction from the board of directors"). Republic First is the proper defendant here, notwithstanding the deadlock on its Board. Driver respectfully submits that the deadlock emphasizes the need for immediate injunctive relief. The Board's inability to agree on a response demonstrates immediate and irreparable harm to the shareholders' voting rights and the need to compel the corporation to hold its annual meeting to elect directors.





Accordingly, Driver respectfully requests that this Court enter the injunctive relief requested in Driver's motion.

Respectfully submitted,

Thomas V. Ayala

TVA:rmm

CC: Stacey A. Scrivani, Esq. and Nicholas Pennington, Esq.
Counsel for Republic First Bancorp, Inc.