**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DRIVER OPPORTUNITY PARTNERS I, LP, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 22-1694 |
| | : | |
| REPUBLIC FIRST BANCORP, INC., | : | |
| Defendant. | : | |

## O R D E R

Plaintiff Driver Opportunity Partners I, LP seeks a temporary restraining order and preliminary injunction requiring Republic First Bancorp to proceed with its annual shareholders meeting as soon as possible and no later than June 29, 2022. Because it appears that Driver seeks an injunction to gain an advantage in Republic's upcoming Board election—and not for any valid reason—I will deny the Motion.

## I.   PROCEDURAL HISTORY

Driver is a Republic shareholder. (Mot. for Temp. Restraining Ord. at 2, Doc. No. 3.) On November 23, 2021, Driver "announced that it would be nominating three candidates for election at the 2022 annual shareholders' meeting to fill the seats of three members of the board of directors." (Id.) Driver has known since March 31, 2022 that Republic expected to delay the annual shareholders' meeting, originally scheduled for May 10, 2022, due to an ongoing investigation that has delayed the filing of Republic's Annual Report. (Compl. ¶ 45, Doc. No. 1; Form 8-K, Doc. No. 1-8, Ex. 6.) Republic's bylaws require the Bank's Secretary to issue formal Notice of the annual meeting at least ten days before its scheduled date. (Mot. for Tem. Restraining Ord. at 9; Compl. ¶ 53.) When the Secretary missed the notice deadline earlier this month, Driver sued and filed the instant Motion.

Republic's eight-member Board of Directors is deadlocked. (Compl. ¶ 15.) Driver controls a four-member block. Board members Vernon Hill, Theodore Flocco, Barry Spevak, and Brian Tierney comprise an opposing block. The Driver and Hill blocks are vying for control of the Board and the Bank. In light of the Board's deadlock, the Bank can take no action opposed by one block or the other—including submitting a response to the instant Motion. Accordingly, I ordered the Hill block to respond to the Motion, which it did on May 9, 2022. (Mot. for Temp. Restraining Ord. at 3; Compl. ¶ 3; Doc. No. 13; see Doc. No. 12.) This matter has been fully briefed. (Doc. Nos. 3, 11–12, 14, 17–18, 20–21.)

## II. LEGAL STANDARDS

"The standard for granting a temporary restraining order … is the same as that for issuing a preliminary injunction." Pileggi v. Aichele, 843 F.Supp.2d 584, 592 (E.D. Pa. 2012). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Wright & Miller, Fed. Prac. & Proc. § 2948 (3d ed. Apr. 2016)) (emphasis in original); Fed. R. Civ. P. 65(a). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The moving party bears the "heavy burden" of showing that these elements weigh in favor of a preliminary injunction. Republican Party of Pa. v. Cortés, No. 16-5524, 2016 WL 6525409, at *4 (E.D. Pa. Nov. 3, 2016) (citing Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014), and Punnett v. Carter, 621 F.2d 578, 588 (3d Cir. 1980)).

For mandatory injunctions (such as the one sought here) the moving party bears "a

particularly heavy burden . . . requiring [it] to show a substantial likelihood of success on the merits and that [its] right to relief [is] indisputably clear." Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (quoting Acierno v. New Castle Cnty., 40 F.3d 645, 653 (3d Cir. 1994) and Trinity Indus., Inc. v. Chi. Bride & Iron Co., 735 F.3d 131, 139 (3d Cir. 2013)) (internal quotations omitted).

To establish irreparable harm, the moving party must make "a clear showing of immediate irreparable injury, or a presently existing actual threat; an injunction may not be used simply to eliminate a possibility of a remote future injury." Acierno, 40 F.3d at 655.

## III.    DISCUSSION

The responding Board members urge that Driver has sued the wrong party, that Driver has not shown immediate and irreparable harm or a likelihood that it will succeed on the merits of this dispute, and that the balance of interests weighs against issuing an injunction.  (Resp., Doc. No. 18.)  I agree.

### A. Necessary Parties

Because the Board is deadlocked, the Bank cannot take any action in response to Driver's Complaint and Motion.  Yet, Driver has sued only Republic, not the Hill block whose actions Driver challenges.  Plainly the four Hill faction Board members are necessary parties to this litigation.    Driver's failure to sue them compels me to deny equitable relief.  See Fed. R. Civ. P. 19 ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: in that person's absence, the court cannot accord complete relief among existing parties"); General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 313–16.

### B.  Likelihood of Success on the Merits

In its quest to take control of the Board, Driver's allies, in a state court lawsuit, accused the Hill faction of malfeasance, thus provoking an audit and independent investigation.  Until that process is complete, Republic cannot comply with its obligation to provide its shareholders with an audited financial statement *before* the Bank's annual meeting.  See 17 C.F.R. § 240.14a-3.  In these circumstances, Republic must postpone the May 10 annual meeting.  I cannot order the Bank to hold a meeting in violation of federal law.

### C.  Immediate and Irreparable Harm

Driver alleges that if the annual meeting is postponed beyond June 29, 2022, the Hill faction may manipulate the Board election at the delayed meeting by: (1) altering the record date—currently April 1, 2022—so that Hill's supporters can convert their preferred shares into voting stock and then vote to reelect Hill and his supporters (Compl. ¶ 9; Mot. for Temp. Restraining Ord. at 6–7); and (2) making "'poison-pill'-type" changes to executive compensation agreements that would impose penalties if Hill was removed Chair of the Board or CEO (Compl. ¶ 42; Mot. for Temp. Restraining Ord. at 4).

The law is quite clear: to warrant the issuance of an injunction, the moving party must show that irreparable injury not amenable to legal remedies necessarily will occur.  A.L.K. Corp. v. Columbia Pictures Industries, Inc., 440 F.2d 761, 764 (3d Cir. 1971); Phillip v. Fairfield University, 118 F.3d 131, 133 (2d Cir. 1997).  Driver has shown at most that absent an injunction, Hill and his supporters *may* take action to harm Driver's interests.  This kind of speculative injury does not warrant emergency injunctive relief—especially *mandatory* injunctive relief.  Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (quoting Acierno, 40 F.3d at 653 and Trinity Indus., Inc. v. Chi. Bride & Iron Co., 735 F.3d 131, 139 (3d Cir. 2013));

Nor has Driver explained why it waited until May 2, 2022 to file suit and seek an "emergency" injunction when it knew on March 31 that Republic expected to reschedule its annual meeting. Driver's delay in bringing suit further impugns its allegations of irreparable harm. See Orson, Inc. v. Miramax Film Corp., 836 F.Supp. 309, 312 (E.D. Pa. 1993) (citing Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) and Skehan v. Board of Trustees of Bloomsburg State College, 353 F.Supp. 542, 543 (M.D. Pa. 1973)).

**D. Balance of Equities and Public Interest**

Finally, Driver has not demonstrated that the balance of equities weighs in favor of a mandatory injunction or that an injunction is in the public interest. On March 31, 2022, Republic filed a Form 8-K with the SEC advising that Republic's external auditors recommended that the Bank engage outside legal counsel to conduct an independent investigation into allegations made in the state court lawsuit. (Compl. ¶ 45 and Ex. 6.) As I have described, this was the result of accusations made by Driver's allies. Having provoked the audit, Driver cannot now be heard to complain that the audit will unfairly delay the Bank's annual meeting. It also appears that Republic's public accountants will not certify Republic's financial statements until the independent investigation concludes. (Resp. at 5.)

Driver argues that federal law does not require the financial statements to be certified before an annual meeting at which directors will be elected. (Reply at 6, Doc. No. 21.) Driver further argues that federal law requires financial statements be disseminated before the annual meeting only if Republic wishes to solicit proxies. (Id.)

Were I to order Republic to hold its annual meeting before the independent investigation concludes, shareholders would be compelled to vote without knowing whether the serious allegations under investigation are true.

The equities thus weigh against injunctive relief.

## IV.    CONCLUSION

Because Plaintiff has failed to make the requisite showing that it has an indisputable right to relief, I will deny its Motion.  Because I am denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, I will also deny Plaintiff's Motion for Expedited Hearing as moot.

*      *      *

**AND NOW**, this 13th day of May, 2022, upon consideration of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 3), the Response on Behalf of Republic First Bancorp, Inc., in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 18), Plaintiff's Reply Brief in Support of its Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 21), and all related filings, it is hereby **ORDERED** that:

1.  Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED**; and

2.  Plaintiff's Motion for Expedited Hearing is **DENIED as moot**.

**AND IT IS SO ORDERED.**

_/s/ Paul S. Diamond_
Paul S. Diamond, J.